Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LILLIAN M. SNOW, | Case No.: 4:15-cv-384 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| MACHOL & JOHANNES, LLC, a Colorado limited liability company, | |
| Defendant. | |

COMES NOW the Plaintiff Lillian M. Snow, by and through her counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and alleges her causes of action against Defendant as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Lillian M. Snow is a natural person residing in Cassia County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant Machol & Johannes, LLC is a Colorado limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of

business located at 700 17th St., Suite 200, Denver, CO 80202.

4. Machol & Johannes is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## GENERAL ALLEGATIONS

7. In September 2006, Lillian Snow co-signed on a student loan for Sandra Holmes.

8. The lender was Bank One (JP Morgan Chase Bank).

9. Ms. Holmes eventually defaulted on the loan.

10. Ms. Holmes passed away on February 1, 2014.

11. On December 11, 2014, Ms. Snow was sued by National Collegiate Student Loan Trust 2006-4 in Idaho state court.

12. At the time, National Collegiate Student Loan Trust 2006-4 was represented by the law firm Johnson Mark, LLC.

13. The case was Cassia County case no. CV-14-1102.

14. The subject of the lawsuit was a student loan Ms. Snow had co-signed on for Ms. Holmes in September 2006.

15. The lender was identified as Bank One (JP Morgan Chase Bank).

16. That case was dismissed with prejudice on February 13, 2015.

17. On June 24, 2015, Machol & Johannes filed a lawsuit on behalf of National Collegiate Student Loan Trust 2006-4 against Ms. Snow in Minidoka County, case no. CV-15-448.

18. The complaint was served on Ms. Snow in Cassia County on September 6, 2015.

19. The complaint identifies an original lender of Bank One (JP Morgan Chase Bank) and a contract

date in September 2006.

20. Ms. Snow does not and has not ever resided in Minidoka County.

21. The contract sued upon was not entered into in Minidoka County.

## COUNT I: VIOLATION OF FDCPA - UNCONSCIONABLE CONDUCT

22. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

23. 15 U.S.C. § 1692f prohibits a debt collector from using unfair or unconscionable means to collect a debt.

24. By virtue of the dismissal with prejudice in the first state court case, National Collegiate Student Loan Trust 2006-4's claim against Ms. Snow was extinguished.

25. As a matter of law, the debt no longer existed.

26. It is unconscionable for Machol & Johannes to file a lawsuit on a debt that does not exist.

27. Ms. Snow is entitled to statutory and actual damages due to Machol & Johannes' violation.

## COUNT II: VIOLATION OF FDCPA - MISREPRESENTATIONS

28. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

29. 15 U.S.C. § 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30. By virtue of the dismissal with prejudice in the first state court case, National Collegiate Student Loan Trust 2006-4's claim against Ms. Snow was extinguished.

31. As a matter of law, the debt no longer existed.

32. Machol & Johannes misrepresented that there was a legal obligation owed by Ms. Snow to National Collegiate Student Loan Trust 2006-4 when it filed suit against her.

33. Ms. Snow is entitled to statutory and actual damages due to Machol & Johannes' violation.

### COUNT III: VIOLATION OF FDCPA - WRONG VENUE

34. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

35. 15 U.S.C. § 1692i requires that a debt collector bring a legal action only in the judicial district where the consumer signed the contract sued upon or in which the consumer resides at the commencement of the action.

36. Minidoka County and Cassia County are separate judicial districts.

37. The contract sued upon was entered into in Cassia County.

38. At the commencement of the action, Ms. Snow resided in Cassia County.

39. Therefore Machol & Johannes violated 15 U.S.C. § 1692i by suing Ms. Snow in Minidoka County.

40. Ms. Snow is entitled to statutory and/or actual damages due to Machol & Johannes' violation.

### COUNT IV: ABUSE OF PROCESS

41. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

42. Machol & Johannes took a willful act to use the legal process by filing a lawsuit against Ms. Snow.

43. That lawsuit was improper as the debt Machol & Johannes was suing on did not legally exist.

44. Machol & Johannes did not have any evidence to determine whether the debt was valid at the time it filed suit.

45. Machol & Johannes did no investigation to determine the validity of the debt prior to filing suit.

46. Instead, Machol & Johannes filed the lawsuit with the expectation that it would simply obtain a default judgment and never have to prove the validity of the claim.

47. Such action constitutes an ulterior, improper purpose for filing suit.

48. Ms. Snow is entitled to actual damages due to Machol & Johannes' violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1),

B.  Statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A),

C.  Leave to seek an amendment to the complaint at a later date to seek punitive damages pursuant to I.C. § 48-608(1),

D.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),

E.  In the event of default judgment, for attorney fees in the amount of $2,500.00,

F.  For Court costs; and

G.  For such other and further relief as may be just and proper.

DATED: September 9, 2015

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC